UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YONAIKER MORALES TINEO,             *
                                    *
        Petitioner,                 *
                                    *
                                    *
        v.                          *       Civil Action No. 1:26-cv-11708-IT
                                    *
DAVID WESLING, et al.,              *
                                    *
        Respondents.                *
                                    *

MEMORANDUM & ORDER

April 27, 2026

TALWANI, D.J.

Petitioner Yonaiker Morales Tineo is a Venezuelan national who has been detained by

ICE since April 12, 2026. Pet. ¶¶ 1– [Doc. No. 1]. Petitioner is currently detained at the

Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶¶ 3, 26. On April 13,

2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends

that, if detention is authorized at all, he is detained "under 8 U.S.C. § 1226(a)," id. ¶ 17, and

requests a bond hearing, id. at ¶ 19.

Respondents state "that the legal issues presented in this Petition are similar to those

recently addressed by this Court in Doe v. Moniz, [800 F. Supp. 3d 203 (D. Mass. 2025).]" Resp.

to Habeas Pet. 1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its

reasoning in Doe . . . it would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that

Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of

Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than May 4, 2026, Respondents shall provide Petitioner with a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall file a status report on this matter no later than May 6, 2026.

IT IS SO ORDERED.

April 27, 2026                                             /s/ Indira Talwani
                                                          United States District Judge

2